UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL EMERSON,                 )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    Case No. 2:23-cv-626
                                 )
SHAW'S SUPERMARKETS, INC.,       )
and FRESH IDEATION FOOD          )
GROUP, LLC, d/b/a FRESH          )
CREATIVE CUISINE,                )
                                 )
        Defendants.              )

## OPINION AND ORDER

Defendants Shaw's Supermarkets, Inc. and Fresh Ideation Food Group, LLC, d/b/a Fresh Creative Cuisine ("Defendants") filed a Motion to Exclude Plaintiff's Untimely Supplemental Expert Disclosure. ECF No. 71. Plaintiff Michael Emerson opposes the motion. ECF No. 72.

The motion seeks two forms of relief. First, Defendants "seek to strike the Plaintiff's 'supplemental expert disclosure'" submitted by a treating physician who is expected to testify. ECF No. 71 at 1. The motion is denied as moot as to that relief.  Second, Defendants wish to prevent the same witness "from providing any expert opinions at trial, other than those limited to his role as a treating physician." *Id.* The motion is granted as to that relief.

## Background

On September 15, 2024, Plaintiff submitted his expert disclosure to Defendants. ECF No. 72-2. Dr. Branavan V. Ragunanthan, M.D., was listed among the "Experts Not Specially Retained." *Id.* The expert disclosure contained a short summary of the subject matter, facts, and opinions in Dr. Ragunanthan's expected testimony. *Id.* at 2. Dr. Ragunanthan is expected to testify about "his care and treatment of Michael Emerson" based on his experience with Mr. Emerson in May 2023, and "the facts to which he will testify [were] contained in the DHMC records previously produced." *Id.*; ECF No. 72 at 3.

On June 23, 2025, Plaintiff served a "Supplemental Expert Witness Disclosure" on Defendants. ECF No. 72-3. This report had been prepared by Dr. Ragunanthan at the encouragement of Plaintiff's counsel, apparently "to help this doctor, who has never previously served as an expert and never testified, focus his testimony." ECF No. 72 at 3. The report was served on defense counsel "the day before the deposition scheduled for Dr. Ragunanthan." ECF No. 71 at 3.[1]

Defendants filed the instant motion on July 7, 2025.

---

[1] Plaintiff states Dr. Ragunanthan was deposed three days after the report was served on Defendants. ECF No. 72 at 5. Any timing difference is immaterial.

Defendants argue that the supplemental disclosure should be excluded as "Plaintiff is now attempting to elevate Dr. Ragunanthan from a treating provider to a retained expert." ECF No. 71 at 5. Plaintiff responded on July 21, 2025 and argued first that that he "does not intend to offer Dr. Ragnunanthan's report into evidence," ECF No. 72 at 6 n.7, and second that he is not attempting to expand Dr. Ragunanthan's expected testimony beyond his role as a treating physician, i*d.* at 6-8. Defendants replied on July 31, 2025, and the motion is now ripe.

## Discussion

Though Defendants' motion is styled as a motion to exclude Dr. Ragunanthan's supplemental disclosure, it is clear that the central question posed to the Court is the permissible scope of Dr. Ragunanthan's testimony at the impending trial. The Court first considers the report itself before turning to the scope of permissible testimony.

### I.    Dr. Ragunanthan's Supplemental Expert Disclosure Has No Practical Impact.

Fed. R. Civ. P. 26(a)(2) governs the disclosure of expert testimony. Rule 26(a)(2)(B) requires "retained or specially employed" witnesses to submit a fulsome written report to the opposing party, while Rule 26(a)(2)(C) requires other expert witnesses — those not covered by 26(a)(2)(B) — to submit a less extensive disclosure. *Puglisi v. Town of Hempstead Sanitary*

*Dist. No. 2,* 2013 WL 4046263, at *3 (E.D.N.Y. Aug. 8, 2013). Dr.
Ragunanthan, as a treating physician, fell under Rule
26(a)(2)(C) at the time of his original disclosure. As Plaintiff
notes, "[t]his original disclosure met the requirements for
disclosing treating physicians under Fed. R. Civ. P.
26(a)(2)(C). The defendants did not object and had no reason to
do so." ECF No. 72 at 3.

The deadline for Plaintiff to disclose experts was February
15, 2025, which was approximately five months after he initially
disclosed Dr. Ragunanthan as a treating physician expert and
four months before Plaintiff served the supplemental disclosure.
ECF No. 71 at 4. Because the deadline had passed for the
disclosure of Rule 26(a)(2)(B) experts, Dr. Ragunanthan may not
testify as one at trial, regardless of the contents of his
supplemental disclosure. Plaintiff states that he "does not
intend to offer Dr. Ragunanthan's report into evidence," ECF No.
72 at 6, and the Court relies on that representation.

Defendants have raised various critiques about Dr.
Ragunanthan's assessment in the supplemental disclosure of
medical records. ECF No. 74 at 1-3. For example, Defendants
argue that Dr. Ragunanthan's assessment of the timing of the
Plaintiff's kidney disease progression "is in contrast to the
medical records of the Plaintiff as well as Dr. Ragunanthan's
own opinions contained within the medical records." *Id.* at 2.

4

The supplemental disclosure is not premised on any new examination or treatment of the Plaintiff by Dr. Ragunanthan. To the extent that Defendants believe that Dr. Ragunanthan offers inaccurate information at trial, Defendants will have the opportunity to cross-examine him and present their own evidence. In effect, Defendants have now been offered a preview of issues they may wish to clarify at trial, even though the supplemental disclosure — which Plaintiff has not argued was mandated by law, procedural rules, or the Court — will not itself be admitted. For all the reasons above, Plaintiff's motion to exclude the supplemental disclosure is denied as moot.

**II. The Permissible Scope of Dr. Ragunanthan's trial testimony.**

Rule 26(a)(2)(C) was added to the Federal Rules of Civil Procedure in 2010 in part to address the issue of treating physicians. The Advisory Committee Notes to the 2010 Amendment specifically cites "physicians or other health care professionals" as an example of the type of witness covered by the new Rule. The same Notes state, "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." As a result, "treating physicians who are not specially retained for the purposes of trial are not required to provide an FRCP 26(a)(2)(B) report,

even though they are considered experts." *Benn v. Metro-N. Commuter R.R. Co.,* 2019 WL 6467348, at *4 (D. Conn. Dec. 2, 2019) (cleaned up). As discussed above, treating physicians must still provide a "considerably less extensive" "summary disclosure" of their expected testimony. Advisory Committee Notes to the 2010 Amendment to Fed. R. Civ. P. 26(a)(2)(C). Courts in this circuit have found that the purpose of the Rule 26(a)(2)(C) disclosure is to provide "sufficient detail to permit defendants to prepare their defenses." *Benn,* 2019 WL 6467348, at *5 (collecting cases).

In part for that reason, courts have found that the choice to submit a summary disclosure under Rule 26(a)(2)(C) rather than a more fulsome report under 26(a)(2)(B) restricts the scope of the treating physician's testimony at trial. "[W]ithout the obligation to submit an expert report *treating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments*. . . . In contrast, a treating physician should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records without submitting a Rule 26(a)(2)(B) report." *Id.* at *4 (collecting cases) (emphasis added) (cleaned up).

Some courts in this circuit have permitted a treating physician who submits a Rule 26(a)(2)(C) disclosure to expand

their testimony beyond their treatment experience and related
opinions. Mostly notably, the *Geary v. Fancy* court found there
was no "need to limit the scope of the treating physician's
expert opinion to plaintiff's treatment, by excluding therefrom
matters beyond plaintiff's course of treatment, *i.e.*,
information acquired from outside sources[.]" 2016 WL 1252768,
at *3 (W.D.N.Y. Mar. 31, 2016) (internal citation omitted).
However, that decision was explicitly premised on a finding that
"the basis for the testimony is within Rule 26(a)(2)(C)'s
required summary report, and such disclosure complies with Rule
26(a)(2)(C)." *Id.* Other courts have required that "[i]n the
absence of an expert report, however, the testimony of [the]
treating physicians will be limited to opinions they actually
formed during the course of treat[ment]." *Williams v. Regus
Mgmt. Gr*p., LLC, 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012).

Whatever the strength of the *Geary v. Fancy* holding, it is
inapplicable in this case because Dr. Ragunanthan's disclosure
did not provide a basis for testimony beyond opinions formed
during his treatment of Plaintiff. For the purpose of evaluating
whether Dr. Ragunanthan's testimony goes beyond its permissible
scope, the Court will refer to his original disclosure:

> Branavan V. Ragunanthan, M.D. will testify about his care
> and treatment of Michael Emerson following his diagnosis of
> acute and chronic kidney disease following his consumption
> of the ham and cheese sandwich on January 27, 2023, which
> he bought from Shaw's supermarket. The facts to which he

will testify are contained in the DHMC records previously
produced. He is expected to testify that the acute kidney
injury during Mr. Emerson's Listeriosis was a proximate
cause of Mr. Emerson's chronic kidney disease. He is also
expected to testify that the medical expenses relating to
the care and treatment of Mr. Emerson for the Listeriosis
infection and acute and chronic kidney infections were
reasonable and customary.

ECF No. 72-2 at 2. To the extent that Dr. Ragunanthan's trial

testimony strays from those topics, Defendants may raise an

objection. Because Dr. Ragunanthan's timely initial disclosure

did not demonstrate a basis for testimony beyond opinions formed

during his treatment, Defendants' motion to limit his trial

testimony to those experiences and resulting opinions is

granted.

## Conclusion

For the reasons set forth above, Defendants' motion, ECF

No. 71, is denied in part as moot and granted in part.


DATED at Burlington, in the District of Vermont, this 11th

day of August, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge