UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL EMERSON,                  )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    Case No. 2:23-cv-626
                                  )
SHAW'S SUPERMARKETS, INC.,        )
and FRESH IDEATION FOOD           )
GROUP, LLC, d/b/a FRESH           )
CREATIVE CUISINE,                 )
                                  )
        Defendants.               )

## OPINION AND ORDER

Defendants Shaw's Supermarkets, Inc. and Fresh Ideation Food Group, LLC, d/b/a Fresh Creative Cuisine ("Defendants") filed several motions in limine to bar Plaintiff Michael Emerson from presenting certain evidence at trial. On September 9, 2025, the Court held a hearing on these motions and ruled on most of them. *See* ECF No. 96. The Court took two of the motions under advisement. The Court now grants in part and denies in part ECF No. 79 and denies ECF No. 83 for the reasons below.

## Legal Standard

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citation omitted). "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in

advance of trial on the relevance of certain forecasted
evidence, as to issues that are definitely set for trial,
without lengthy argument at, or interruption of, the trial."
*Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal
quotation omitted). The frequently cited standard in this
circuit is that a "trial court should exclude evidence on a
motion in limine only when the evidence is clearly inadmissible
on all potential grounds." *United States v. Ozsusamlar*, 428 F.
Supp. 2d 161, 164 (S.D.N.Y. 2006) (collecting cases). A ruling
on any potential evidence "is subject to change when the case
unfolds, particularly if the actual testimony differs from what
was [expected]. Indeed even if nothing unexpected happens at
trial, the district judge is free, in the exercise of sound
judicial discretion, to alter a previous in limine ruling." *Luce
v. United States*, 469 U.S. 38, 41–42 (1984).

### ECF No.79 - Motion to Preclude Plaintiff From Presenting any Testimony or Reference to the Post Incident Closure of Fresh Ideation Food Group Facilities

Defendant Fresh Ideation Food Group moved under Federal
Rule of Evidence 403 to preclude "the Plaintiff from mentioning
the closure of the Defendant's facility after February 1, 2023,
as it would be more prejudicial than probative and mislead the
jury." ECF No. 79 at 1. Plaintiff opposed the motion largely on
the ground that the "motion[] [did] not provide sufficient

information for the Court to rule." ECF No. 92 at 5. Plaintiff points to Defendant's "fail[ure] to mention when the facility was closed or when Mr. Emerson was injured; that is, whether the closure was actually what the defendants call 'post incident.'" *Id.* Plaintiff also argues that "much of the evidence that Fresh Ideation and Shaw's Supermarkets seeks to exclude was not subsequent to, but actually preceded, Mr. Emerson's injury." *Id.* at 10.

Defendant described the timeline in its motion as follows:

The subject Fresh Ideation facilities were inspected on or about January 25, 2023, and the company was notified about positive listeria samples from preparation areas, such as sinks, on or about February 3, 2023. On that same day, February 3, 2023, out of an abundance of caution, Fresh Ideation issued a notice recalling products made in that facility, including ham sandwiches that may have been sold from January 24, 2023, to January 30, 2023, with a sell by date ranging from January 31, 2023, to February 6, 2023. . . . This matter involves an alleged listeria poisoning after listeria was discovered in the Defendant's Wegworth facility in Maryland. After the listeria was discovered, the Defendant, in an abundance of caution, moved production to their co-packing facility and conducted a thorough cleaning and sanitation of the subject Wegworth plant. The Wegworth plant remained open for distribution and storage operations. As part of the cleaning and sanitation, the company made the decision to update their flooring and drainage systems. To conduct these updates, they needed to completely shut down the plant and proceeded to do so. At the same time the company made this decision, they were also able to acquire a larger plant in a nearby town that they reference as their Seaforth facility. They chose to concentrate their efforts on the new, larger plant which was completed in June of 2025. Now they have shifted back to their remodel on the subject Wegworth facility and are expected to complete the renovations in September of 2025.

ECF No. 79 at 2-3.

At the motions hearing, Defendant's counsel clarified that Defendant objects to evidence related to the prolonged closure of the facility for remodeling which followed the advice of a consultant hired by the company to advise on food safety. Defendant did not object to evidence related to the Maryland Department of Health's inspection or the subsequent test results. Defendant did not clarify when exactly the facility was closed and for which purposes.

F.R.E. 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that evidence of plant closure before and during the period of Plaintiff's gastrointestinal illness may be relevant to the issues Plaintiff must prove, namely ownership or control of the sandwich at issue and causation of Plaintiff's illness. The risk, if any, of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence does not substantially outweigh the probative value. Furthermore, it is not clear from the September 8 hearing whether Defendant still seeks to exclude evidence of the initial closure of the production facility.

4

Regardless, the Court does not find that that evidence would be precluded under Rule 403.

However, the Court grants the motion to exclude evidence related to the later complete plant closure and subsequent remodeling, which apparently includes closure of not only the production operation but also the distribution and storage operations. Those actions appear to have been undertaken at the advice of a consultant hired by the company sometime after Plaintiff's illness and likely have little relevance to the issues Plaintiff must prove. Moreover, the minimal relevance of that evidence is likely to be substantially outweighed by several of the dangers listed in F.R.E. 403. Therefore the motion, ECF No. 79, is granted in part and denied in part.

## ECF No. 83 – Motion in Limine to Preclude Plaintiff From Presenting the Recall Notice

Defendant Fresh Ideation Food Group moved to "preclude[e] the Plaintiff from using the recall notice as an exhibit at trial or referencing it in any way during the trial." ECF No. 83 at 1. Defendant issued a recall of numerous products made in its facility, including ham sandwiches like the one Defendant consumed approximately six days prior. Defendant argued that its recall notice should be excluded under F.R.E. 403 as unfairly prejudicial and under F.R.E. 407 as a subsequent remedial measure. Plaintiff responded that Rule 407 does not apply to the

recall notice due to the timeline of events, ECF No. 92 at 10-11, and because the recall notice was not issued in response to a specific injury, *id.* at 13. At the September 8 hearing, Plaintiff also advanced another argument: that control and ownership of the sandwich had been put into dispute during the deposition of the Defendant's CEO, and the recall notice could be used to establish control or ownership.[1]

F.R.E. 407 limits the introduction of evidence of a subsequence remedial measure taken by a party. "When measures

---

[1] Plaintiff's counsel also argued that there were in fact three separate recall notices. One apparently issued by Defendant Shaw's, one issued by Defendant Fresh Ideation, and one issued by the FDA. To the Court's knowledge, there has only been one recall issued related to the sandwich in this case, though it was communicated through multiple channels. Defendant Shaw's informed the Plaintiff via email of the recall, ECF No. 83-1, which Plaintiff's counsel seemingly considers a separate recall notice. *See* ECF No. 92 at 5. At the September 8 hearing, Plaintiff's counsel pointed the Court to the FDA website, https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/fresh-ideation-food-group-llc-recalls-sandwiches-and-other-products-because-possible-health-risk#recall-announcement, and Exhibit C of Defendants' Motion for Summary Judgment, ECF No. 47-7, which counsel argued was an FDA recall notice which could be judicially noticed as a third-party remedial measure. However, review of that document and webpage shows that the FDA was not issuing the recall itself; rather it was assisting with disseminating information to the public about the company's recall. The FDA website states, "[w]hen a company announces a recall, market withdrawal, or safety alert, the FDA posts the company's announcement as a public service. FDA does not endorse either the product or the company." In the absence of other evidence, the Court considers there to only be one recall which was disseminated to the public, and to the Plaintiff, via multiple channels to increase the likelihood that it was received by purchasers of these products.

are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures." F.R.E. 407.

Defendant argues that it "issued a recall out of an abundance of caution for its customers, naming a variety of food items, and Plaintiff is relying upon that recall notice to prove that the sandwich he ate was defective." ECF No. 83 at 3. If this were in fact Plaintiff's only planned use of the recall notice, it would squarely violate Rule 407. The recall notice, had it been issued before Plaintiff consumed the sandwich, may have made the alleged harm less likely to occur. F.R.E. 407 protects the important "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Advisory Committee Notes to 1972 Proposed Rules. Allowing the recall notice to be admitted to prove negligence, culpable conduct, or a product defect would run afoul of that policy.

At the September 8 hearing, Plaintiff argued that he intended to introduce the recall notice as evidence of Defendant's ownership or control of the sandwich at issue.

Plaintiff indicated that Defendant's CEO had recently disputed
those facts, and the recall notice contains product UPC codes
which are relevant to the question of ownership or control of
the sandwich. The Court inquired as to whether the parties could
stipulate to the facts related to ownership of the sandwich;
however, Defendant's counsel indicated that she could not.
Ownership or control are explicit exceptions to Rule 407's
limitation on evidence of subsequent remedial measures. And per
Rule 403, the Court does not find that the probative value of
the recall notice will be substantially outweighed by any of the
potential dangers. Therefore, the Court finds that the recall
notice may be admitted for the purpose of establishing
Defendant's ownership or control of the sandwich.

Though neither party directly addressed it during the
hearing or in their briefs, the Court also considers whether
Plaintiff's treating physicians may make reference to the recall
notices as a basis for their diagnosis. Plaintiff's medical
records show that he brought the recall notice to his doctors'
attention when seeking treatment. ECF No. 47-6. To the extent
that knowledge of the recall notice assisted his treating
physicians with their diagnosis and treatment and that
information would naturally be revealed at trial, the Court
denies Plaintiff's motion to preclude any reference to the
notice. Reference to the notice by the treating physicians in

discussing their diagnosis of the Plaintiff would fit the "for another purpose" exception of F.R.E. 407. And barring reference to that information could impact the ability of the treating physicians to accurately describe their treatment of Plaintiff. Therefore, Defendant's motion, ECF No. 83, is denied.

## Conclusion

For the reasons discussed above, Defendant's motion in limine related to closure of its facility, ECF No. 79, is granted in part and denied in part, and Defendant's motion in limine related to the recall notice, ECF No. 83, is denied.

DATED at Burlington, in the District of Vermont, this 9th day of September 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge